# EXHIBIT A

**NYSCEF** - New York State Courts Electronic Filing   *(Live System)*

*<< Return to* **Search Results**

## 619874/2023 - Nassau County Supreme Court

Short Caption: **JOHN WILSON v. FUTURE MOTION, INC.**
Case Type: **Torts - Product Liability (Product Liability)**
Case Status: **Pre-RJI**
eFiling Status: **Partial Participation Recorded**

**Narrow By Options**

| | | |
|---|---|---|
| Document Type: | Please select... | Filed By: |
| | Please select... | |
| Motion Info: | | Filed Date: |
| | thru | |
| Document Number: | | |

**Display Document List with Motion Folders** 📁

**Sort By:** Doc #

| # | Document | Filed By | Status |
|---|----------|----------|--------|
| 1 | SUMMONS + COMPLAINT | Kutner, M.<br>Filed: 12/07/2023<br>*Received: 12/07/2023* | **Processed**<br>Confirmation Notice |





| | |
|---|---|
| **Entity Name:** | **FUTURE MOTION, INC.** |
| **Jurisdiction:** | CA |
| **Date:** | 12/22/2023 |
| **Receipt Method:** | Process Server |
| **Case Number:** | 619874/2023 |
| **Plaintiff:** | JOHN WILSON |
| **Defendant:** | FUTURE MOTION, INC. |
| **Document Type:** | Summons, Complaint & Attachment(s)/Exhibit(s) |

FILED: NASSAU COUNTY CLERK 12/07/2023 12:29 PM
NYSCEF DOC. NO. 1

INDEX NO. 619874/2023
RECEIVED NYSCEF: 12/07/2023

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

Date of Filing with Clerk of the
Court: December 7, 2023

--------------------------------------------------------------X

JOHN WILSON,

INDEX NO.: 619874/2023

               Plaintiff,

**SUMMONS**

        -against-

Plaintiff designates NASSAU County
as place of trial

FUTURE MOTION, INC.,

Basis of venue is Plaintiff's
Residence

             Defendant.

--------------------------------------------------------------X    Plaintiff resides at:

                                          70 8th Avenue
To the above named Defendant:                       Sea Cliff NY 11579

     YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer on plaintiff's attorneys within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: New York, New York
       December 7, 2023

                            PULVERS, PULVERS & THOMPSON, LLP
                            *Attorneys for Plaintiff*

            BY:   *Michael Kutner*

                      Michael D. Kutner, Esq.
                      950 Third Avenue, 11th Floor
                      New York, NY 10022-1304
                      (212) 355-8000

Defendant's Address:

FUTURE MOTION, INC.
Via Secretary Of State
1201 Shaffer Road
Santa Cruz, CA 95060

FILED: NASSAU COUNTY CLERK 12/07/2023 12:29 PM
NYSCEF, DOC. NO. 1

INDEX NO. 619874/2023
RECEIVED NYSCEF: 12/07/2023

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

-----------------------------------------------------------------------X

JOHN WILSON,

                  Plaintiff,

-against-

Index No.: 619874/2023

**VERIFIED COMPLAINT**

FUTURE MOTION, INC.,

                  Defendant.

-----------------------------------------------------------------------X

Plaintiff, by his attorneys, PULVERS, PULVERS & THOMPSON, LLP, complaining of the
defendants, alleges the following upon information and belief:

## AS AND FOR A FIRST CAUSE OF ACTION

1. That at all times hereinafter mentioned, the Plaintiff, JOHN WILSON, was and still is a
   resident of the County of Nassau, State of New York.

2. That at all times hereinafter mentioned, the defendant, FUTURE MOTION, INC.,
   (hereinafter "FUTURE MOTION") was and still is a foreign business corporation duly
   authorized to conduct business in the State of New York.

3. That at all times hereinafter mentioned, the defendant, FUTURE MOTION, was and still
   is a domestic corporation duly authorized to conduct business in the State of New York.

4. That at all times hereinafter mentioned, the defendant, FUTURE MOTION, conducted
   and carried on business in the State of New York on a regular basis and derived
   substantial revenue and/or income therefrom.

FILED: NASSAU COUNTY CLERK 12/07/2023 12:29 PM
NYSCEF DOC. NO. 1

INDEX NO. 619874/2023
RECEIVED NYSCEF: 12/07/2023

5. That at all times hereinafter mentioned, the defendant, FUTURE MOTION, derived substantial revenue from goods used or consumed or services rendered in the State of New York.

6. That at all times hereinafter mentioned, the defendant, FUTURE MOTION, derived substantial revenue from interstate or international commerce.

7. That at all times hereinafter mentioned, the defendant, FUTURE MOTION, expected or should reasonably have expected its acts to have consequences in the State of New York.

8. That at all times hereinafter mentioned, the defendant, FUTURE MOTION, its agents, servants, contractors and/or employees committed tortious acts within the State of New York, which are the subject matter of this litigation.

9. That on and prior to October 8, 2022, the defendant, FUTURE MOTION, was engaged in the design, development, manufacture, production, distribution, and sale of a product known as "Onewheel," a self-balancing, battery-powered, one-wheeled transportation device often described as an electronic skateboard (hereinafter "Onewheel")

10. That on and prior to October 8, 2022, the defendant, FUTURE MOTION, designed Onewheels.

11. That on and prior to October 8, 2022, the defendant, FUTURE MOTION, developed Onewheels.

12. That on and prior to October 8, 2022, the defendant, FUTURE MOTION, manufactured Onewheels.

13. That on and prior to October 8, 2022, the defendant, FUTURE MOTION, produced Onewheels.

FILED: NASSAU COUNTY CLERK 12/07/2023 12:29 PM
NYSCEF DOC. NO. 1

INDEX NO. 619874/2023
RECEIVED NYSCEF: 12/07/2023

14. That on and prior to October 8, 2022, the defendant, FUTURE MOTION, distributed Onewheels to the general public.

15. That on and prior to October 8, 2022, the defendant, FUTURE MOTION, marketed Onewheels to the general public.

16. That on and prior to October 8, 2022, the defendant, FUTURE MOTION, sold Onewheels to the general public.

17. That on and prior to October 8, 2022, the defendant, FUTURE MOTION, developed and distributed the subsystems and components that powered Onewheels, including motors, power electronics, battery nodules, software, and smartphone applications.

18. That on and prior to October 8, 2022, the operation of Onewheels was controlled and/or monitored, in whole or in part, by an application installed on user's smartphones which allows users to view their total miles, battery life, speed, and other information.

19. That on or about November 4, 2021, the Plaintiff, JOHN WILSON, purchased a Onewheel device known and/or marketed as a "Onewheel GT" from the defendant, FUTURE MOTION.

20. That on or about November 4, 2021, the defendant, FUTURE MOTION, sold a Onewheel device known and/or marketed as a "Onewheel GT" bearing serial number 2211339738 to the Plaintiff, JOHN WILSON.

21. That the operation of the Onewheel GT purchased by the Plaintiff was controlled and/or monitored, in whole or in part, by an application installed on a user's smartphone which allows the user to view their total miles, battery life, speed, and other information.

22. That, the defendant, FUTURE MOTION, designed the Onewheel GT purchased by the Plaintiff.

FILED: NASSAU COUNTY CLERK 12/07/2023 12:29 PM
NYSCEF DOC. NO. 1

INDEX NO. 619874/2023
RECEIVED NYSCEF: 12/07/2023

23. That the defendant, FUTURE MOTION, developed the Onewheel GT purchased by the Plaintiff.

24. That the defendant, FUTURE MOTION, manufactured the Onewheel GT purchased by the Plaintiff.

25. That the defendant, FUTURE MOTION, assembled the Onewheel GT purchased by the Plaintiff.

26. That the defendant, FUTURE MOTION, produced the Onewheel GT purchased by the Plaintiff.

27. That the defendant, FUTURE MOTION, distributed the Onewheel GT purchased by the Plaintiff.

28. That the defendant, FUTURE MOTION, marketed the Onewheel GT purchased by the Plaintiff.

29. That the defendant, FUTURE MOTION, sold the Onewheel GT purchased by the Plaintiff.

30. That the defendant, FUTURE MOTION, developed the subsystems and components that powered the Onewheel GT purchased by the Plaintiff, including motors, power electronics, battery nodules, software, and smartphone applications.

31. That the defendant, FUTURE MOTION, designed the subsystems and components that powered the Onewheel GT purchased by the Plaintiff, including motors, power electronics, battery nodules, software, and smartphone applications.

32. That the defendant, FUTURE MOTION, manufactured the subsystems and components that powered the Onewheel GT purchased by the Plaintiff, including motors, power electronics, battery nodules, software, and smartphone applications.

33. That the defendant, FUTURE MOTION, produced the subsystems and components that powered the Onewheel GT purchased by the Plaintiff, including motors, power electronics, battery nodules, software, and smartphone applications.

34. That the defendant, FUTURE MOTION, distributed the subsystems and components that powered the Onewheel GT purchased by the Plaintiff, including motors, power electronics, battery nodules, software, and smartphone applications.

35. That the defendant, FUTURE MOTION, marketed the subsystems and components that powered the Onewheel GT purchased by the Plaintiff, including motors, power electronics, battery nodules, software, and smartphone applications.

36. That the defendant, FUTURE MOTION, sold the subsystems and components that powered the Onewheel GT purchased by the Plaintiff, including motors, power electronics, battery nodules, software, and smartphone applications.

37. That on October 8, 2022, the Plaintiff, JOHN WILSON, was properly utilizing the aforementioned Onewheel GT, its subsystems and components, in the roadway at or near the premises located at 70 8th Avenue, Seacliff, New York.

38. That on October 8, 2022, while the Plaintiff, JOHN WILSON, was properly utilizing the aforementioned Onewheel GT, its subsystems and components at the aforesaid location, the Onewheel GT suddenly and without warning malfunctioned, causing it to come to an unexpected and abrupt stop, which in turn caused the Plaintiff, JOHN WILSON, to be violently ejected from the Onewheel GT and onto the roadway, resulting in serious and permanent personal injuries.

39. That on and prior to October 8, 2022, the defendant, FUTURE MOTION, had actual notice that its Onewheel devices, including the Onewheel GT, had a tendency,

FILED: NASSAU COUNTY CLERK 12/07/2023 12:29 PM
NYSCEF·DOC. NO. 1

INDEX NO. 619874/2023
RECEIVED NYSCEF: 12/07/2023

propensity, and/or were at unreasonable risk to malfunction in the manner that caused the foregoing occurrence.

40. That on and prior to October 8, 2022, the defendant, FUTURE MOTION, had constructive notice that its Onewheel devices, including the Onewheel GT, had a tendency, propensity, and/or were at unreasonable risk to malfunction in the manner that caused the foregoing occurrence.

41. That on and prior to October 8, 2022, the defendant, FUTURE MOTION, caused the malfunction that caused the foregoing occurrence.

42. That on and prior to October 8, 2022, the defendant, FUTURE MOTION, created the malfunction that caused the foregoing occurrence.

43. That on and prior to October 8, 2022, the defendant, FUTURE MOTION, knew or with the exercise of reasonable care and diligence should have known that its Onewheel devices, including the Onewheel GT, had a tendency, propensity, and/or were at unreasonable risk to malfunction in the manner that caused the foregoing occurrence.

44. That the aforementioned Onewheel GT, its subsystems and components, were negligently and carelessly developed by the defendant, FUTURE MOTION.

45. That the aforementioned Onewheel GT, its subsystems and components, were negligently and carelessly designed by the defendant, FUTURE MOTION.

46. That the aforementioned Onewheel GT, its subsystems and components, were negligently and carelessly manufactured by the defendant, FUTURE MOTION.

47. That the aforementioned Onewheel GT, its subsystems and components, were negligently and carelessly produced by the defendant, FUTURE MOTION.

FILED: NASSAU COUNTY CLERK 12/07/2023 12:29 PM
NYSCEF DOC. NO. 1

INDEX NO. 619874/2023
RECEIVED NYSCEF: 12/07/2023

48. That the aforementioned Onewheel GT, its subsystems and components, were negligently and carelessly distributed by the defendant, FUTURE MOTION.

49. That the aforementioned Onewheel GT, its subsystems and components, were negligently and carelessly marketed by the defendant, FUTURE MOTION.

50. That the aforementioned Onewheel GT, its subsystems and components, were negligently and carelessly sold by the defendant, FUTURE MOTION.

51. That the aforementioned Onewheel GT, its subsystems and components, were dangerous, defective, and hazardous when sold by the defendant, FUTURE MOTION.

52. That on and prior to October 8, 2022, FUTURE MOTION, had actual notice that the aforementioned Onewheel GT, its subsystems and components, were dangerous, defective, and hazardous.

53. That on and prior to October 8, 2022, FUTURE MOTION, had constructive notice that the aforementioned Onewheel GT, its subsystems and components, were dangerous, defective, and hazardous.

54. That on and prior to October 8, 2022, FUTURE MOTION, caused the aforementioned Onewheel GT, its subsystems and components, to be dangerous, defective, and hazardous

55. That the aforementioned malfunction and occurrence, and the resultant injuries and damages sustained by the Plaintiff, JOHN WILSON, were caused by the negligence and carelessness of the defendant, FUTURE MOTION, in the development, design, manufacture, production, distribution, marketing and sale of Onewheel devices, including the aforementioned Onewheel GT, its subsystems and components, without any negligence on the part of the Plaintiff contributing thereto.

FILED: NASSAU COUNTY CLERK 12/07/2023 12:29 PM
NYSCEF DOC. NO. 1

INDEX NO. 619874/2023
RECEIVED NYSCEF: 12/07/2023

56. That the defendant, FUTURE MOTION, was negligent and careless in the development,
design, manufacture, production, distribution, marketing and sale of Onewheel devices,
including the aforementioned Onewheel GT, their subsystems and components, in the
following manner: in causing, allowing, and permitting Onewheel devices, including the
aforementioned Onewheel GT, their subsystems and components, to be sold and/or
distributed when they were dangerous, defective, hazardous, and not suitable to be used
for their intended purposes; in failing to prevent Onewheel devices, including the
aforementioned Onewheel GT, their subsystems and components, from being sold and/or
distributed when they were dangerous, defective, hazardous, and not suitable to be used
for their intended purposes; in causing, allowing, and permitting Onewheel devices,
including the aforementioned Onewheel GT, their subsystems and components, to be sold
and/or distributed when they knew or should have known that they were dangerous,
defective, hazardous, and not suitable to be used for their intended purposes; in failing to
prevent Onewheel devices, including the aforementioned Onewheel GT, their subsystems
and components, from being sold and/or distributed when they knew or should have
known that they were dangerous, defective, hazardous, and not suitable to be used for
their intended purposes; in failing to take necessary and proper steps and measures to
prevent the sale and/or distribution of said products when they were dangerous, defective,
hazardous, and not suitable to be used for their intended purposes; in failing to provide
reasonable, necessary, and proper notice, signal, and/or warnings of the aforementioned
dangers, hazards, and defects, and that said products were not suitable to be used for their
intended purposes; in failing to provide reasonable, necessary, and proper notice, signal,
and/or warnings of the aforementioned dangers, hazards, and defects, and that said

FILED: NASSAU COUNTY CLERK 12/07/2023 12:29 PM

NYSCEF·DOC. NO. 1

INDEX NO. 619874/2023

RECEIVED NYSCEF: 12/07/2023

products were not suitable to be used for their intended purposes in a reasonable,
effective, and timely manner; in failing to timely recognize that said products were
dangerous, hazardous, and defective not suitable to be used for their intended purposes;
in failing to take reasonable, necessary, and proper measures upon receiving notice and/or
knowledge that said products were dangerous, hazardous, and defective not suitable to be
used for their intended purposes; in failing to provide and/or distribute reasonable,
necessary, and proper instructions for the use of said products; in negligently, carelessly,
and improperly designing said products; in negligently, carelessly, and improperly
distributing said products; in failing to timely, properly, and adequately inspect and/or
test said products; in negligently, carelessly, and improperly marketing said products; in
marketing said products in such a way as to be mislead the public and in particular the
Plaintiff herein with respect to their safety; in failing to timely, properly, and adequately
communicate known risks of dangers inherent to said products; in failing to timely,
properly, and adequately recall said products or otherwise prevent their sale or remove
them from circulation; in failing to give proper, adequate, and required warnings
notifications, and advisories about the dangers and risks associated with and inherent to
said products; in designing, developing, and manufacturing said products in such a way
as to cause them to come to sudden, abrupt, and violent stops without warning during
use; in designing, developing, and manufacturing said products in such a way as to cause
unreasonable risk of injury to users; in failing to take necessary, proper, and adequate
precautions for the safety of persons using said products; in failing to timely, properly
and adequately ensure that said products were reasonably safe for their intended use; in
negligently, carelessly, and improperly designing and manufacturing said products; in

FILED: NASSAU COUNTY CLERK 12/07/2023 12:29 PM
NYSCEF·DOC. NO. 1

INDEX NO. 619874/2023
RECEIVED NYSCEF: 12/07/2023

failing to use safer and reasonable alternative methods of design and manufacture; in

failing to take reasonable and suitable precautions for the safety of its consumers and

customers, including the Plaintiff; in failing to timely and proper prevent and/or stop the

sale, marketing, and distribution of said products; in being negligent under and by virtue

of the Doctrine of *Res Ipsa Loquitor*; and in general failing to use that degree of care and

caution warranted under all of the surrounding circumstances.

57. That as a result of the foregoing, the plaintiff, JOHN WILSON, was seriously injured.

58. That a result of the foregoing, the plaintiff, JOHN WILSON, sustained great bodily

injuries with accompanying pain; was rendered sick, sore, lame and disabled; sustained

injuries of a permanent and lasting nature; was obliged to expend and incur large sums of

monies for medical aid and other treatment in an endeavor to treat the injuries he

sustained; and was and continues to be incapacitated from attending to his usual

occupation and activities.

59. That by reason of the foregoing, the plaintiff, JOHN WILSON, has been damaged in a

sum in excess of the jurisdictional limits of all the lower Courts in the State of New York

that would otherwise have jurisdiction over this matter.

## AS AND FOR A SECOND CAUSE OF ACTION

60. Plaintiff repeats, reiterates, and realleges each and every previous allegation with the

same force and effect as though set forth fully at length herein.

61. That the aforementioned malfunction and occurrence and the resultant injuries and

damages sustained by the Plaintiff were caused by dangers, defects and hazards within

the aforementioned Onewheel GT, its subsystems and components.

62. That said dangers, defects, and hazards existed withing the aforementioned Onewheel
    GT, its subsystems and components, when they were sold by the defendant, FUTURE
    MOTION, to the Plaintiff.

63. That on and prior to October 8, 2022, the defendant, FUTURE MOTION, had actual
    notice of the said dangers, defects, and hazards.

64. That on and prior to October 8, 2022, the defendant, FUTURE MOTION, had
    constructive notice of the said dangers, defects, and hazards.

65. That on and prior to October 8, 2022, the defendant, FUTURE MOTION, caused the said
    dangers, defects, and hazards.

66. That on and prior to October 8, 2022, the defendant, FUTURE MOTION, created the said
    dangers, defects, and hazards.

67. That as a result of the foregoing, the plaintiff, JOHN WILSON, was seriously injured.

68. That a result of the foregoing, the plaintiff, JOHN WILSON, sustained great bodily
    injuries with accompanying pain; was rendered sick, sore, lame and disabled; sustained
    injuries of a permanent and lasting nature; was obliged to expend and incur large sums of
    monies for medical aid and other treatment in an endeavor to treat the injuries he
    sustained; and was and continues to be incapacitated from attending to his usual
    occupation and activities.

69. That by reason of the foregoing, the plaintiff, JOHN WILSON, has been damaged in a
    sum in excess of the jurisdictional limits of all the lower Courts in the State of New York
    that would otherwise have jurisdiction over this matter.

FILED: NASSAU COUNTY CLERK 12/07/2023 12:29 PM
NYSCEF DOC. NO. 1

INDEX NO. 619874/2023
RECEIVED NYSCEF: 12/07/2023

## AS AND FOR A THIRD CAUSE OF ACTION

70. Plaintiff repeats, reiterates, and realleges each and every previous allegation with the same force and effect as though set forth fully at length herein.

71. That the defendant, FUTURE MOTION, is liable to the Plaintiff under the doctrine of strict products liability.

72. That the aforementioned Onewheel GT, its subsystems and components, were defective and unsafe when the defendant, FUTURE MOTION, distributed and/or sold them to the Plaintiff.

73. That the aforementioned Onewheel GT, its subsystems and components, were not fit for their intended use and purpose when the defendant, FUTURE MOTION, distributed and/or sold them to the Plaintiff.

74. That at the time of the foregoing occurrence the Plaintiff was utilizing the aforementioned Onewheel GT, its subsystems and components, in the manner in which they were intended.

75. That at the time of the foregoing occurrence the Plaintiff was utilizing the aforementioned Onewheel GT, its subsystems and components, for their intended purposes.

76. That at the time of the foregoing occurrence the Plaintiff was utilizing the aforementioned Onewheel GT, its subsystems and components, in a manner reasonably foreseeable to the defendant.

77. That the Plaintiff could not with the exercise of reasonable care have discovered the aforementioned dangers, defects, and hazards or otherwise have averted or prevented his injuries.

FILED: NASSAU COUNTY CLERK 12/07/2023 12:29 PM
NYSCEF DOC. NO. 1

INDEX NO. 619874/2023
RECEIVED NYSCEF: 12/07/2023

78. That the aforementioned Onewheel GT, its subsystems and components, were distributed and/or sold by the defendant, FUTURE MOTION, without proper, adequate, and necessary warnings and/or instructions.

79. That the aforementioned Onewheel GT, its subsystems and components, were distributed and/or sold by the defendant, FUTURE MOTION, was advertised, marketed, and packaged in a false, misleading, and/or improper manner so as to lead consumers to falsely believe that it was safe for personal use.

80. That the defendant, FUTURE MOTION, defectively designed the aforementioned Onewheel GT, its subsystems and components.

81. That the defendant, FUTURE MOTION, defectively manufactured the aforementioned Onewheel GT, its subsystems and components.

82. That the defendant, FUTURE MOTION, failed to provide proper warnings, notices, and/or instructions when it distributed and/or sold the defective Onewheel GT, its subsystems and components.

83. That at the time the aforementioned Onewheel GT, its subsystems and components, were sold and/or distributed by the defendant, FUTURE MOTION, they were in a condition not reasonably contemplated by the ultimate consumer.

84. That at the time the aforementioned Onewheel GT, its subsystems and components, were sold and/or distributed by the defendant, FUTURE MOTION, they were unreasonably dangerous for their intended use.

85. That at the time the aforementioned Onewheel GT, its subsystems and components, were sold and/or distributed by the defendant, FUTURE MOTION, their utility did not outweigh the danger inherent to their introduction into the stream of commerce.

FILED: NASSAU COUNTY CLERK 12/07/2023 12:29 PM

NYSCEF DOC. NO. 1

INDEX NO. 619874/2023

RECEIVED NYSCEF: 12/07/2023

86. That the defendant, FUTURE MOTION, is liable in strict products liability for the defective development, design, manufacturing, production, distribution, and marketing of its Onewheel devices, including the aforementioned Onewheel GT, their subsystems and components.

87. That as a result of the foregoing, the plaintiff, JOHN WILSON, was seriously injured.

88. That a result of the foregoing, the plaintiff, JOHN WILSON, sustained great bodily injuries with accompanying pain; was rendered sick, sore, lame and disabled; sustained injuries of a permanent and lasting nature; was obliged to expend and incur large sums of monies for medical aid and other treatment in an endeavor to treat the injuries he sustained; and was and continues to be incapacitated from attending to his usual occupation and activities.

89. That by reason of the foregoing, the plaintiff, JOHN WILSON, has been damaged in a sum in excess of the jurisdictional limits of all the lower Courts in the State of New York that would otherwise have jurisdiction over this matter.

## AS AND FOR A FOURTH CAUSE OF ACTION

90. Plaintiff repeats, reiterates, and realleges each and every previous allegation with the same force and effect as though set forth fully at length herein.

91. That on and prior to October 8, 2022, the defendant, FUTURE MOTION, warranted, expressly and impliedly, that its Onewheel devices, including the aforementioned Onewheel GT, their subsystems and components, were fit for the purposes for which they were intended.

92. That on and prior to October 8, 2022, the defendant, FUTURE MOTION, warranted, expressly and impliedly, that its Onewheel devices, including the aforementioned Onewheel GT, their subsystems and components, were safe to use in every respect, and had been manufactured safely and were in good, safe, and proper to use.

93. That on and prior to October 8, 2022, the defendant, FUTURE MOTION, warranted and labeled its Onewheel devices, including the aforementioned Onewheel GT, their subsystems and components, and provided written instructions in connection with their use.

94. That on and prior to October 8, 2022, the Plaintiff, JOHN WILSON, relied on said warranties before and while using the aforementioned Onewheel GT, its subsystems and components, in accordance with their intended use and instructions, and in the manner in which they were intended to be used.

95. That the defendant, FUTURE MOTION, breached its warranties of merchantability and fitness for the intended use of the aforementioned Onewheel GT, its subsystems and component, both express and implied.

96. That the aforementioned occurrence and the resultant injuries and damages sustained by the Plaintiff were caused by reason of the defendant, FUTURE MOTION's breach of its warranties of merchantability and fitness for intended use, both express and implied, of the aforementioned Onewheel GT, its subsystems and components.

97. That as a result of the foregoing, the plaintiff, JOHN WILSON, was seriously injured.

98. That a result of the foregoing, the plaintiff, JOHN WILSON, sustained great bodily injuries with accompanying pain; was rendered sick, sore, lame and disabled; sustained injuries of a permanent and lasting nature; was obliged to expend and incur large sums of

FILED: NASSAU COUNTY CLERK 12/07/2023 12:29 PM
NYSCEF DOC. NO. 1

INDEX NO. 619874/2023
RECEIVED NYSCEF: 12/07/2023

monies for medical aid and other treatment in an endeavor to treat the injuries he sustained; and was and continues to be incapacitated from attending to his usual occupation and activities.

99. That by reason of the foregoing, the plaintiff, JOHN WILSON, has been damaged in a sum in excess of the jurisdictional limits of all the lower Courts in the State of New York that would otherwise have jurisdiction over this matter.

## AS AND FOR A FIFTH CAUSE OF ACTION

100.    Plaintiff repeats, reiterates, and realleges each and every previous allegation with the same force and effect as though set forth fully at length herein.

101.    That on and prior to October 8, 2022, the defendant, FUTURE MOTION, acted wantonly, recklessly, and/or was grossly negligent in the design, manufacture, and/or sale of its Onewheel devices, including the aforementioned Onewheel GT, their subsystems and components.

102.    That on and prior to October 8, 2022, the aforementioned actions of the defendant, FUTURE MOTION, were directed towards the public in general.

103.    That on and prior to October 8, 2022, the defendant, FUTURE MOTION, acted wantonly, recklessly, and/or was grossly negligent in the design, manufacture, and/or sale of the its Onewheel devices, including the aforementioned Onewheel GT, their subsystems and components.

104.    That the aforementioned occurrence and the resultant injuries and damages sustained by the Plaintiff were caused by reason of such wanton, reckless, and willful conduct, and/or gross negligence of the defendant, FUTURE MOTION.

FILED: NASSAU COUNTY CLERK 12/07/2023 12:29 PM
NYSCEF DOC. NO. 1

INDEX NO. 619874/2023
RECEIVED NYSCEF: 12/07/2023

105.    That as a result of the foregoing, the plaintiff, JOHN WILSON, was seriously injured.

106.    That a result of the foregoing, the plaintiff, JOHN WILSON, sustained great bodily injuries with accompanying pain; was rendered sick, sore, lame and disabled; sustained injuries of a permanent and lasting nature; was obliged to expend and incur large sums of monies for medical aid and other treatment in an endeavor to treat the injuries he sustained; and was and continues to be incapacitated from attending to his usual occupation and activities.

107.    That by reason of the foregoing the Plaintiff is entitled to punitive and exemplary damages for each and every cause of action alleged against the defendant herein.

108.    That by reason of the foregoing, the plaintiff, JOHN WILSON, has been damaged in a sum in excess of the jurisdictional limits of all the lower Courts in the State of New York that would otherwise have jurisdiction over this matter.

**WHEREFORE**, plaintiff demands judgement against the defendants in the First, Second, Third, Fourth, and Fifth Causes of Action in an amount which exceeds the jurisdictional limitations of all Courts of the State of New York of lesser jurisdiction than the Supreme Court of the State of New York which would otherwise have jurisdiction over this matter, together with all costs, interests, and disbursements of this action.

Dated: New York, New York
       December 7, 2023

FILED: NASSAU COUNTY CLERK 12/07/2023 12:29 PM

NYSCEF DOC. NO. 1

INDEX NO. 619874/2023

RECEIVED NYSCEF: 12/07/2023

Yours, etc.,

PULVERS, PULVERS & THOMPSON, LLP
*Attorneys for Plaintiff*

BY: _Michael Kutner_

Michael D. Kutner
950 Third Avenue
New York, New York 10022
(212) 355-8000

FILED: NASSAU COUNTY CLERK 12/07/2023 12:29 PM

NYSCEF DOC. NO. 1

INDEX NO. 619874/2023

RECEIVED NYSCEF: 12/07/2023

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

------------------------------------------------------------------------X

JOHN WILSON,

                              Plaintiff,

-against-

Index No.: 619874/2023

**VERIFICATION**

FUTURE MOTION, INC.,

                              Defendant.

------------------------------------------------------------------------X

I, the undersigned, am an attorney admitted to practice in the courts of New York State, and say that I am an Associate of the firm of PULVERS, PULVERS & THOMPSON, LLP, the attorneys of record for the plaintiff in the within action. I have read the foregoing COMPLAINT and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief and, as to those matters, I believe them to be true. The reason this verification is made by your affirmant and not the plaintiff is because the plaintiff resides outside of the County where I maintain my office.

The grounds of my belief as to all matters not stated upon my own knowledge are: information contained in this file.

I affirm the foregoing statements are true, under the penalties of perjury.

Dated: New York, New York
       December 7, 2023

                                Yours, etc.,

                                *Michael Kutner*

                                Michael D. Kutner

FILED: NASSAU COUNTY CLERK 12/07/2023 12:29 PM
NYSCEF DOC. NO. 1

INDEX NO. 619874/2023
RECEIVED NYSCEF: 12/07/2023

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
-----------------------------------------------------------------------X
JOHN WILSON,

                       Plaintiff,

      -against-

FUTURE MOTION, INC.,

                       Defendant.
-----------------------------------------------------------------------X

Index No.: 619874/2023

## NOTICE REGARDING AVAILABILITY OF ELECTRONIC FILING SUPREME COURT CASES

PLEASE TAKE NOTICE that plaintiff(s)/petitioner(s) [defendant(s)/respondent(s)] in the case captioned above intends that this matter proceed as an electronically-filed case in the New York State Courts Electronic Filing System ("NYSCEF") in accordance with the procedures therefor, set forth in Uniform Rule 202.5-b and described below. Under that Rule, filing and service of papers by electronic means cannot be made by a party nor can electronic service be made upon a party unless that party has consented to use of the System for the case in question. Within ten days after service of this Notice, each party served should indicate whether or not it consents to electronic filing and service through NYSCEF for this case. (See Instruction # 2 below.)

**General Information**

Electronic filing offers significant benefits for attorneys and litigants, permitting documents to be filed with the County Clerk and the court and served, between or among consenting parties, by posting the documents on the NYSCEF Website, which can be done at any

FILED: NASSAU COUNTY CLERK 12/07/2023 12:29 PM

NYSCEF DOC. NO. 1

INDEX NO. 619874/2023

RECEIVED NYSCEF: 12/07/2023

time of the day or night on any day of the week. There is no fee to use the NYSCEF System, whether for filing, service, or consultation of the electronic docket, nor is there a charge to print documents from the docket. Normal filing fees must be paid, but this can be done by credit or debit card on-line. For additional procedures and information, see Uniform Rule 202.5-b, any e-filing protocol that may have been promulgated by the court in question, and the NYSCEF Website at www.nycourts.gov/efile.

**Instructions:**

1. Service of this Notice constitutes consent to e-filing and a statement of intent by the undersigned to use the NYSCEF System in this case. When an action or proceeding is being commenced through the NYSCEF System, this Notice must accompany service of the initiating papers.

2. **Within ten days after service of this Notice,** the party served should consent to e-filing either: (i) by filing with the court and serving on all parties of record a consent to e-filing, or (ii) if the party or attorney of record is an authorized e-filing user, by filing the consent electronically in the manner provided at the NYSCEF site. If one party or some but fewer than all parties consent, NYSCEF may be used by and between or among consenting parties.

3. Each participating attorney, unless already registered, or self-represented party must **PROMPTLY** complete a Filing User Registration form (see the "Forms" section of the Website) and submit it to the NYSCEF Resource Center (efile@courts.state.ny.us) in order

FILED: NASSAU COUNTY CLERK 12/07/2023 12:29 PM          INDEX NO. 619874/2023
NYSCEF. DOC. NO. 1                                    RECEIVED NYSCEF: 12/07/2023

to obtain the confidential Filing User Identification Number and Password necessary to use

the system.

4. For additional information about NYSCEF, see the *User's Manual* and *Frequently Asked*

*Questions* on the Website, or contact the court in question or the NYSCEF Resource Center

(at 646-386-3033 or efile@courts.state.ny.us).

Dated: New York, New York
December 7, 2023

PULVERS, PULVERS & THOMPSON, LLP
*Attorneys for Plaintiff*

BY:   *Michael Kutner*

Michael D. Kutner
950 Third Avenue, 11th Floor
New York, NY 10022
Tel.: (212) 355-8000
Fax: (212) 355-9000